## Richmond.

## COMMONWEALTH v. THE CHESAPEAKE AND OHIO RAILWAY COMPANY.

November 15, 1923.

APPEAL AND ERROR—*Moot Questions—Case at Bar.*—In the instant case, an appeal by the Commonwealth from a decision of the Corporation Commission dismissing the petition of the Commonwealth, it was unnecessary for the Supreme Court of Appeals to pass upon the contention of the Commonwealth for the reason that if the Commonwealth was permitted to proceed for the reasons stated in *Commonwealth ex rel, etc.* v. *Chesapeake & Ohio Railway Company, ante,* p. 526, 120 S. E. 506, the court would be constrained to deny the prayer of its petition.

Appeal from an order of the State Corporation Commission.

*Affirmed.*

The opinion states the case.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

*J. M. Perry, H. T. Wickham* and *Henry Taylor, Jr.,* for the defendant in error.

WEST, J., delivered the opinion of the court.

On February 29, 1918, the board of supervisors of Alleghany county filed a petition with the State Corporation Commission in the name of the Commonwealth of Virginia at the relation of the board of super-

visors of Alleghany, calling attention to the failure of
The Chesapeake and Ohio Railway Company to report
for valuation eighteen miles of its main line in the
county of Alleghany, from the year 1879 to the year
1901, inclusive, and praying that necessary steps be
taken to ascertain and fix the true valuation of these
miles of road for these years for the purposes of taxation.

On May 7, 1918, the Commonwealth of Virginia, in
its own right, filed a petition in the above proceeding,
calling attention to the fact that, while the proceeding
already instituted by the board of supervisors of Alle-
ghany county was brought in the name of the Com-
monwealth of Virginia at the relation of the board of
supervisors, the Commonwealth was vitally interested
in its own right, as well as in connection with the
county of Alleghany, in the proper assessment of the
eighteen miles of road in question, and praying that it
might be made a party to the proceeding in its own
right and allowed, in its own right, to prosecute the
same.

The defendant moved to strike out and reject the
petition on the several grounds stated in the record.

The Commission refused to allow the petition of the
Commonwealth to be filed in the case of *Board of Super-
visors* v. *Chesapeake and Ohio Railway Company*, but
permitted the same to be filed and docketed as an in-
dependent proceeding.

A demurrer and answer was filed by the railway
company to the petition of the Commonwealth in the
new case raising the same issues made in the case of the
board of supervisors. The evidence in the two cases
was identical, it being agreed that the record in the lat-
ter case should be read in this case, as if it were incor-
porated therein.

Upon the final hearing the Commission dismissed the

petition of the Commonwealth and removed the proceeding from the docket.

From that decree this appeal was allowed.

The Commonwealth assigns as error the action of the Commission—

In refusing to allow its petition to be filed in the suit of the Commonwealth at the relation of the *Board of Supervisors of Alleghany County* v. *The Chesapeake and Ohio Railway Company, ante,* p. 526, 120 S. E. 506, compelling it to be filed in an independent proceeding; and in dismissing the petition of the Commonwealth upon the assumption that, by virtue of the amendment to the omitted tax statute, the railway company was not taxable with the omitted taxes.

The amendment to section 508 of the Code, approved March 15, 1918 (Acts 1918, c. 254), was in effect on May 7, 1918, the date of the filing of its petition. Under section 1 of that act the Commission has no power to assess the property for omitted taxes or extend the taxes thereon for more than three years next preceding that in which the assessing authorities shall ascertain the fact of omission and make the assessment, unless the proviso in that act prevents its application to the case.

The Commonwealth contends that notwithstanding its proceeding was instituted after the act of 1918 became effective, it may assess and collect taxes for the years 1879 to 1901, inclusive, because of the said proviso, which is as follows: "Provided also that this act shall not apply to the assessment of any taxes or levies by action, suit or otherwise, based upon valuations to establish which any petition shall have been filed with the State Corporation Commission prior to the date when this act shall become effective"—that is, March 15, 1918.

It is unnecessary, however, for us to pass upon that

contention, for the reason that if the Commonwealth's case were covered by the proviso, and the Commonwealth permitted to proceed under the statute of 1916 (Acts 1916, c. 491), for the reasons stated in the opinion handed down today in the *Board of Supervisor's Case, supra*, we would be constrained to deny the prayer of its petition.

We find no error in the judgment of the Commission and it will be affirmed.

*Affirmed.*